[S.F. No. 23905. Feb. 15, 1979.]

JAMES H. FLESHER, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
CAPITOL FORD, INC., et al., Respondents.

## COUNSEL

Beauzay, Hammer, Ezgar, Bledsoe & Rucka, Morgan, Beauzay, Hammer, Ezgar, Bledsoe & Rucka, Robert T. Bledsoe and Susan T. Levin for Petitioner.

Hanna, Brophy, MacLean, McAleer & Jensen, Martin S. Weinstein and William F. Clark for Respondents.

## OPINION

**MANUEL, J.**—James Flesher seeks review of a decision of the Workers' Compensation Appeals Board determining, inter alia, that 50 percent of his permanent disability was attributable to a preexisting back condition.

Flesher was employed as an auto body repairman at a number of different establishments from 1934 through 1973. His most recent employer was Capitol Ford, Inc., where he was employed for less than five years. From 1961 to 1973, he was treated for a number of injuries to his back. In 1973, he injured his back while working at Capitol Ford. He filed two applications for benefits, one for the specific injury suffered in 1973, and the other for a cumulative injury incurred in his work from 1934 to 1973.

After a consolidated hearing on the two applications, the workers' compensation judge determined that Flesher was permanently disabled, that 50 percent of his disability was attributable to injuries sustained prior to 1968, that 40 percent was attributable to the specific injury in 1973 and 10 percent to the cumulative injury sustained between 1968 and 1973. Flesher petitioned the board for reconsideration and argued alternatively that the judge erred in not attributing all of his disability to the specific injury, or that if the judge was correct in attributing a portion to cumulative injury, he erred in limiting the cumulative injury claim to that suffered since 1968. The board granted reconsideration because of a conflict in the medical evidence, ordered that Flesher be examined by an independent physician and concluded in its opinion and decision after reconsideration that the findings and awards of the workers' compensation judge must be affirmed. More specifically, the board concluded that the apportionment of 40 percent of Flesher's permanent disability to the specific injury was fully supported by the opinion of the independent medical examiner. The board also concluded that the limitation on Flesher's recovery for only the last five years of his cumulative injury was proper under the provisions of Labor Code section 5500.5.[1]

■ Flesher contends that the board has misinterpreted the provisions of Labor Code section 5500.5[2] in concluding that he was only entitled to compensation for the cumulative injury incurred during the five years preceding 1973. We agree. Neither the language of section 5500.5 nor its

[1]The board's opinion and decision after reconsideration states: "We are persuaded that the trial judge properly limited the liability in the continuing trauma claim to five years prior to May 21, 1973. *Labor Code section 5500.5* clearly provides that where the Appeals Board finds an existence of cumulative injury or occupational disease, liability for such cumulative injury or occupational disease shall not be apportioned to prior years except as provided in subdivision (d) where the employment exposing the employee to the hazards of the claimed occupational disease or cumulative injury was for more than five years with the same employer. We find no merit in applicant's contention that the trial judge should have made a finding of injury for the period from 1934 through May 21, 1973." (Italics in original.)

[2]All statutory references are to the Labor Code unless otherwise indicated.

legislative history indicates that the five-year limitation on liability is intended to limit the time period for which an employee may recover for a cumulative injury. It is instead intended to limit the employers and insurance carriers who may be held liable for an employee's recovery for a cumulative injury. (See *Harrison* v. *Workmen's Comp. Appeals Bd.* (1974) 44 Cal.App.3d 197, 201-203 [118 Cal.Rptr. 508]; Assem. Com. on Finance, Insurance and Commerce, Interim Hearings on the Problems of Assuring Payments of Compensation for Cumulative Occupational Injuries (Jan. 12 & 19, 1977) pp. 8-9, hereafter referred to as Assem. Com. Hearings.)

Section 5500.5 is long and complex, but its design is reasonably clear.[3] It is intended to allow an employee to recover for his entire cumulative

[3]Although section 5500.5 has since been amended, this case involves the interpretation of section 5500.5 as it read in 1973. Section 5500.5 provided in 1973 in pertinent part:

"(a) Liability for occupational disease or cumulative injury shall be limited to those employers who employed the employee during a period of five years immediately preceding either the date of injury, as determined pursuant to Section 5412, or the last date on which the employee was employed in an occupation exposing him to the hazards of such occupational disease or cumulative injury, whichever occurs first. If, based upon all the evidence presented, the appeals board or referee finds the existence of cumulative injury or occupational disease, liability for such cumulative injury or occupational disease shall not be apportioned to prior years except as provided in subdivision (d); however, in determining such liability, evidence of disability due to specific injury, disability due to nonindustrial causes, or disability previously compensated for by way of a findings and award or order approving compromise and release, or a voluntary payment of disability, may be admissible for purposes of apportionment.

"(b) Where a claim for compensation benefits is made on account of an occupational disease or cumulative injury which may have arisen out of more than one employment, the application shall state the names and addresses of all employers liable under subdivision (a), the places of employment, and the approximate periods of employment where the employee was exposed to the hazards of the occupational disease or cumulative injury. If the application is not so prepared or omits necessary and proper employers, any interested party, at or prior to the first hearing, may request the appeals board to join as defendant any necessary or proper party. If such request is made prior to the first hearing on the application, the appeals board shall forthwith join the employer as a party defendant and cause a copy of the application together with a notice of the time and place of hearing to be served upon such omitted employer; provided, such notice can be given within the time specified in this division. If such notice cannot be timely given or if the motion for joinder is made at the time of the first hearing, then the appeals board or referee before whom the hearing is held, if it is found that the omitted employer named is a necessary or proper party, may order a joinder of such party and continue the hearing so that proper notice may be given to the party or parties so joined. Only one continuance shall be allowed for the purpose of joining additional parties. Subsequent to the first hearing the appeals board shall join as a party defendant any additional employer when it appears that such employer is a proper party, but the liability of such employer shall not be determined until supplemental proceedings are instituted.

"(c) In any case involving a claim of occupational disease or cumulative injury occurring as a result of more than one employment within the five-year period set forth in subdivision (a), the employee making the claim, or his dependents, may elect to proceed against any one or more of such employers. Where such an election is made, the employee must successfully prove his claim against any one of the employers named, and

injury from one or more employers of his choosing for whom he worked within the preceding five years, even though a portion of his injury was incurred in prior employments. The employer or employers against whom compensation is awarded are in turn authorized to seek contribution from other employers in the five-year period. Under subdivision (a) of section 5500.5, liability for a cumulative injury is limited to those employers who employed the applicant for a period of five years before the injury or before the last date on which the applicant was employed in the occupation exposing him to the cumulative injury. Subdivision (a) also provides that liability shall not be apportioned to prior years[4] unless the applicant falls within the exception set forth in subdivision (d) for

---

any award which the appeals board shall issue awarding compensation benefits shall be a joint and several award as against any two or more employers who may be held liable for compensation benefits. If, during the pendency of any claim wherein the employee or his dependents has made an election to proceed against one or more employers, it should appear that there is another proper party not yet joined, such additional party shall be joined as a defendant by the appeals board on the motion of any party in interest, but the liability of such employer shall not be determined until supplemental proceedings are instituted. Any employer joined as a defendant subsequent to the first hearing or subsequent to the election provided herein shall not be entitled to participate in any of the proceedings prior to the appeal board's final decision, nor to any continuance or further proceedings, but may be permitted to ascertain from the employee or his dependents such information as will enable the employer to determine the time, place, and duration of the alleged employment. On supplemental proceedings, however, the right of the employer to full and complete examination or cross-examination shall not be restricted.

"(d) If the employment exposing the employee to the hazards of the claimed occupational disease or cumulative injury was for more than five years with the same employer, or its predecessors in interest, the limitation of liability to the last five years of employment as set forth in subdivision (a) shall be inapplicable. Liability in such circumstances shall extend to all insurers who insure the workmen's compensation liability of such employer, during the entire period of the employee's exposure with such employer, or its predecessors in interest. The respective contributions of such insurers shall be in proportion to employment during their respective periods of coverage. As used in this subdivision, "insurer" includes an employer who during any period of the employee's exposure was self-insured or legally uninsured.

"The provisions of this subdivision shall expire on July 1, 1986, unless otherwise extended by the Legislature prior to that date.

"(e) At any time within one year after the appeals board has made an award for compensation benefits in connection with an occupational disease or cumulative injury, any employer held liable under such award may institute proceedings before the appeals board for the purpose of determining an apportionment of liability or right of contribution. Such a proceeding shall not diminish, restrict, or alter in any way the recovery previously allowed the employee or his dependents, but shall be limited to a determination of the respective contribution rights, interests or liabilities of all the employers joined in the proceeding, either initially or supplementally; provided, however, if the appeals board finds on supplemental proceedings for the purpose of determining an apportionment of liability or of a right of contribution that an employer previously held liable in fact has no liability, it may dismiss such employer and amend its original award in such manner as may be required. . . ."

[4]The apportionment prohibited under subdivision (a) is of liability on the part of

having been employed by the same employer for more than five years. Under subdivision (c) the applicant may choose to seek an award against one or more employers for whom he worked during the five-year period. Under subdivision (e) the employer or employers held liable may thereafter institute proceedings to determine apportionment of liability and the right of contribution by other employers within the five-year period.

Nowhere in section 5500.5 is the employee's recovery for cumulative injury limited to that incurred over a period of five years. Nor is there any indication of a legislative intent to establish such a limitation. Indeed, the history of section 5500.5 is to the contrary.

Section 5500.5 was enacted in 1951 to codify the rule announced in *Colonial Ins. Co.* v. *Industrial Acc. Com.* (1946) 29 Cal.2d 79, 82 [172 P.2d 884], that an employee disabled by a progressive occupational disease may obtain an award for his entire disability against any one or more of his successive employers or insurance carriers and that those held liable have the burden of seeking apportionment. (See *Tidewater Oil Co.* v. *Workers' Comp. Appeals Bd.* (1977) 67 Cal.App.3d 950, 956-957 [137 Cal.Rptr. 36]; *Harrison* v. *Workmen's Comp. Appeals Bd., supra,* 44 Cal.App.3d at p. 199; Swezey, *Disease as Industrial Injury in California* (1967) 7 Santa Clara Law. 205, 220-221.) Originally, section 5500.5 was limited by its express language to occupational disease claims, but its procedures were applied by analogy to cumulative injury claims as well. (See *Royal Globe Ins. Co.* v. *Industrial Acc. Com.* (1965) 63 Cal.2d 60, 63 [45 Cal.Rptr. 1, 403 P.2d 129]; *Raischell & Cottrell, Inc.* v. *Workmen's Comp. App. Bd.* (1967) 249 Cal.App.2d 991, 995 [58 Cal.Rptr. 159]; Swezey, *Repetitive Trauma as Industrial Injury in California* (1970) 21 Hastings L.J. 631, 642.) In 1973, section 5500.5 was amended to expressly cover cumulative injury as well as occupational disease claims. (Stats. 1973, ch. 1024, § 4, p. 2032.) At the same time it was also amended to limit the employers against whom compensation could be sought to those who had employed the applicant during the preceding five-year period. (*Ibid.*) In 1977, section 5500.5 was amended to reduce the five-year period to a one-year period by 1981.[5] (Stats. 1977, ch. 360, § 1, p. 1334.) The

employers who employed the applicant prior to the five-year period. Subdivision (a) permits apportionment of liability for disability due to specific injury or to nonindustrial causes or for disability for which the applicant has been previously compensated.

[5]This amendment reduces the five-year period in 1978 to a period of four years, in 1979 to three years, in 1980 to two years and in 1981 and thereafter to a period of one year. Earlier in 1977, the Legislature had repealed section 5500.5 and replaced it with a statute containing substantially identical provisions to the ones at issue in this case. (Stats. 1977, ch. 17, §§ 10, 29, pp. 29, 35.)

purpose of these amendments was to provide greater certainty to insurers in anticipating costs and necessary reserves, to simplify the proceedings by reducing the number of employers and insurers required to be joined as defendants, and to reduce the burden placed on the entire system by the former procedures. (*Harrison* v. *Workmen's Comp. Appeals Bd., supra,* 44 Cal.App.3d at pp. 200-201; Assem. Com. Hearings, pp. 8-9, 55-56.) The insurance industry favored these amendments and reasoned that the total burdens and benefits upon employers and insurers would more or less even out, for while they might be required to assume a larger liability in some cases, they would also be absolved of liability in other cases. (*Harrison* v. *Workmen's Comp. Appeals Bd., supra,* 44 Cal.App.3d at pp. 203-204; Assem. Com. Hearings, pp. 17-19, 70; *Review of Selected 1977 California Legislation* (1978) 9 Pacific L.J. 687.)

The legislative history of section 5500.5 clearly indicates that the time restrictions on employer liability were never viewed as effecting a reduction in the employee's recovery; they were concerned only with the streamlining of procedures and with the allocation of costs among employers and insurers. (See Assem. Com. Hearings, pp. 68-69; *Review of Selected 1977 California Legislation, supra,* 9 Pacific L.J. 687-690.) The board itself in fact took this position in *Harrison* v. *Workmen's Comp. Appeals Bd., supra,* 44 Cal.App.3d 197, where it argued for retroactive application of the 1973 amendment on the ground that it was remedial in nature, that it would not diminish the employee's right of recovery and that it would not result in an overall greater burden on employers and insurance carriers.

It is clear from the foregoing that the board's determination was based on an erroneous interpretation of section 5500.5 and that its decision must therefore be annulled. (See *Muznik* v. *Workers' Comp. Appeals Bd.* (1975) 51 Cal.App.3d 622, 632 [124 Cal.Rptr. 407].) In light of this conclusion, it is unnecessary to address Flesher's alternative argument that had the board been correct in its interpretation of section 5500.5 its determination would not have been supported by substantial evidence.

The decision of the board after reconsideration is annulled in its entirety and the case is remanded to the board for further proceedings consistent with the views expressed herein.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Richardson, J., and Newman, J., concurred.