[Civ. No. 57387. Second Dist., Div. Five. July 17, 1980.]

HUMAN ENGINEERING LABORATORY, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
STATE COMPENSATION INSURANCE FUND et al.,
Respondents.

COUNSEL

Clopton, Penny & Keeney and Robert M. Penny for Petitioner.

James J. Vonk, Richard A. Krimen, Arthur Hershenson and Frank Evans for Respondents.

OPINION

HASTINGS, J.—Petitioner Human Engineering Laboratory (Laboratory) seeks review of contribution proceedings brought against it before

respondent Workers' Compensation Appeals Board (Board) by respondent State Compensation Insurance Fund (State Fund). State Fund successfully obtained contribution from Laboratory regarding a workers' compensation claim brought by one of Laboratory's employees, Joseph P. Wallace, against Laboratory. Wallace obtained an award against State Fund, one of Laboratory's workers' compensation insurance carriers. State Fund then sought contribution from Laboratory's other carriers during the period of Wallace's injurious employment exposure at Laboratory. Laboratory was unable to discover who some of its compensation carriers were; the Board allowed State Fund to obtain contribution directly from Laboratory.

Laboratory challenges the Board's decision to allow State Fund to obtain contribution directly from Laboratory on the grounds: (1) the Labor Code does not permit State Fund to seek contribution directly from Laboratory; (2) substantial evidence does not support the finding that Wallace's employment during the period for which Laboratory's insurance carriers are unknown was a factor in Wallace's industrial injury and hence contribution directly from Laboratory was improper; (3) State Fund was estopped to seek contribution directly from Laboratory; and (4) if contribution from Laboratory was proper, the Board's calculation of Laboratory's percentage of contribution was in error. As we find Laboratory's first contention correct, we need not reach Laboratory's other contentions as the validity of the first contention requires that we annul the Board's order of contribution against Laboratory.

PROCEEDINGS BEFORE APPEALS BOARD

While employed by Laboratory from March 12, 1948, to October 20, 1973, Wallace sustained a cumulative trauma to his heart arising out of and occurring in the course of employment as the result of the stress and strain of said employment.[1]

State Fund insured Laboratory from October 21, 1963, to October 20, 1973. Great American Insurance Company (American) insured Laboratory for the period August 12, 1958, through August 12, 1963. Prior to August 12, 1958, Laboratory's insurance carrier(s), if any, are unknown. Laboratory has searched its records and cannot find the

---

[1]"An injury may be either: (a) 'specific,' occurring as the result of one incident or exposure which causes disability or need for medical treatment; or (b) 'cumulative,' occurring as repetitive mentally or physically traumatic activities extending over a period of time, the combined effect of which causes any disability or need for medical treatment...." (Lab. Code, § 3208.1.)

information. The Worker's Compensation Insurance Rating Bureau of California (WCIRB), which is an advisory bureau composed of members from the insurance industry, maintains records of all employers covered by workers' compensation. Ordinarily, coverage information for a particular employer can be obtained from WCIRB; however, records antedating 1958 are not available (lost and/or destroyed).

Whether State Fund is entitled to contribution directly from Laboratory turns upon Labor Code[2] section 5500.5. "Section 5500.5 was enacted in 1951 to codify the rule announced in *Colonial Ins. Co.* v. *Industrial Acc. Com.* (1946) 29 Cal.2d 79, 82 [172 P.2d 884], that an employee disabled by a progressive occupational disease may obtain an award for his entire disability against any one or more of his successive employers or insurance carriers and that those held liable have the burden of seeking apportionment. (See *Tidewater Oil Co.* v. *Workers' Comp. Appeals Bd.* (1977) 67 Cal.App.3d 950, 956-957 [137 Cal.Rptr. 36]; *Harrison* v. *Workmen's Comp. Appeals Bd., supra*, 44 Cal.App.3d at p. 199 [118 Cal.Rptr. 508]; Swezey, *Disease as Industrial Injury in California* (1967) 7 Santa Clara Law. 205, 220-221.) Originally, section 5500.5 was limited by its express language to occupational disease claims, but its procedures were applied by analogy to cumulative injury claims as well. (See *Royal Globe Ins. Co.* v. *Industrial Acc. Com.* (1965) 63 Cal.2d 60, 63 [45 Cal.Rptr. 1, 403 P.2d 129]; *Raischell & Cottrel, Inc.* v. *Workmen's Comp. App. Bd.* (1967) 249 Cal.App.2d 991, 995 [58 Cal.Rptr. 159]; Swezey, *Repetitive Trauma as Industrial Injury in California* (1970) 21 Hastings L.J. 631, 642.) In 1973, section 5500.5 was amended to expressly cover cumulative injury as well as occupational disease claims. (Stats. 1973, ch. 1024, § 4, p. 2032.)" (*Flesher* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 322, 327 [152 Cal.Rptr. 459, 590 P.2d 35].)

Also under the 1973 amendments, section 5500.5, subdivision (a) "permits an employee claiming liability for occupational disease or cumulative injury to proceed only against the employers who employed him during a period of five years immediately preceding either the date of injury or the last date on which the employee was employed in an occupation exposing him to the hazards of such occupational disease or cumulative injury, whichever occurs first. Liability in such cases is limited to such employers and is not apportioned to prior years. [¶] The limitation of liability provided for in subdivision (a) is inapplicable

---

[2]Hereinafter, unless specified to the contrary, all references will be to the Labor Code.

where, as provided in subdivision (d) of section 5500.5, the employment exposing the employee to the hazards of the claimed occupational disease or cumulative injury was for more than five years with the same employer or its predecessors in interest. In such circumstances liability is *extended* to all insurers who insured the worker's compensation liability of such employer during the entire period of the employee's exposure with such employer or its predecessor in interest. Accordingly, in this situation the liability for such injury or occupational disease is apportioned among the employers liable under the provisions of subdivision (a) and those liable for the prior years as provided in subdivision (d)." (Fn. omitted.) (*Tidewater Oil Co.* v. *Workers' Comp. Appeals Bd.* (1977) 67 Cal.App.3d 950, 952-953 [137 Cal.Rptr. 36].)[3]

It is undisputed by the parties that the 1973 amendments to section 5500.5 apply herein. (*Harrison* v. *Workmen's Comp. Appeals Bd.* (1974) 44 Cal.App.3d 197 [118 Cal.Rptr. 508]), specifically the one employer rule of subdivision (d).[4]

Wallace filed his workers' compensation claim in 1975 and elected to proceed against State Fund. (See *Schrimpf* v. *Consolidated Film Industries, Inc.* (WCAB en banc opn., 1977) 42 Cal.Comp.Cases 602.) An award of workers' compensation benefits was issued in January 1976 in favor of Wallace against State Fund. State Fund then sought contribution from American and Laboratory. (*Schrimpf, supra.*) State Fund sought contribution directly from Laboratory for the period of employment 1948 to 1958 as the insurance carrier could not be discovered for that period.

---

[3]In 1977, section 5500.5 was amended so as to annually reduce the five-year period so that commencing in 1981 and thereafter the liability period of section 5500.5 for cumulative trauma and occupational disease claims will only be one year. The 1977 amendments also eliminated the one employer rule of subdivision (d). (Stats. 1977, ch. 360, § 1, p. 1334; *Flesher, supra*, 23 Cal.3d at p. 327; *City of Los Angeles* v. *Workers' Comp. Appeals Bd. (Calvert)* (1978) 88 Cal.App.3d 19, 26 [151 Cal.Rptr. 679].) The 1977 amendments do not apply herein. (*Roundtree* v. *Time D. C.* (WCAB en banc opn., 1979) 44 Cal.Comp. Cases 223.)

[4]Section 5500.5, subdivision (d) provides: "If the employment exposing the employee to the hazards of the claimed occupational disease or cumulative injury was for more than five years with the same employer, or its predecessors in interest, the limitation of liability to the last five years of employment as set forth in subdivision (a) shall be inapplicable. Liability in such circumstances shall extend to all insurers who insure the workers' compensation liability of such employer, during the entire period of the employee's exposure with such employer, or its predecessors in interest. The respective contributions of such insurers shall be in proportion to employment during their respective periods of coverage. *As used in this subdivision, 'insurer' includes an employer who during any period of the employee's exposure was self-insured or legally uninsured....*" (Italics added.)

In the contribution proceedings, American admitted coverage for the period August 12, 1958, through August 12, 1963. This admission by American was based upon WCIRB records. American had no record of any policy issued to Laboratory as it was American's company procedure "that all policies and endorsements are destroyed three years after the expiration date." Laboratory suspected that Aetna Casualty and Surety Company (Aetna) had issued to it a compensation policy during the period 1948 to 1958, but Laboratory had insufficient records to demonstrate it. WCIRB, as stated above, has no records antedating 1958. Aetna only keeps records of workers' compensation policies for a period of five years.

The workers' compensation judge allowed contribution in favor of State Fund against American, for the period August 12, 1958, through August 12, 1963. Finding insufficient evidence to establish Aetna as Laboratory's carrier, the judge held State Fund was entitled to contribution directly against Laboratory for the period July 6, 1949, to August 12, 1958. On jurisdictional grounds, the judge denied contribution as to the period March 12, 1948, to July 6, 1949, when Wallace worked for Laboratory exclusively in New York State.[5]

The judge rejected Laboratory's contention that under subdivision (d) State Fund was not permitted to seek contribution from an uninsured employer but only from employers who were either permissibly "self-insured" (§§ 3700-3705) or "legally uninsured" (§ 3700; Ins. Code, § 11870). The judge reasoned: "The Court believes that the uninsured employer takes too narrow a view of Labor Code Section 5500.5 (d) as it applies to injuries prior to January 1, 1978. If there is a period of liability during which the employer is unable to prove that they have an insurance carrier, then there is no reason why the employer is then relieved from liability for that period. The elective defendant is liable for all benefits. He is entitled to contributions for proportionate liability for all periods of the continuing trauma period not covered by himself from another carrier if there is one, or from the employer if he has no insurance."

In denying reconsideration on this issue, the Board accepted this analysis of the judge.

[5]There is also no substantial evidence supporting injury during this period of employment in New York State.

DISCUSSION

■ Contrary to the Board and the judge, we conclude that subdivision (d) does not permit State Fund to seek contribution directly from Laboratory.

Under the one employer rule of subdivision (d), liability is extended "to all *insurers* who insure the workers' compensation liability of such employer, during the entire period of the employee's exposure with such employer." (Italics added.) Subdivision (d) further expressly defines "insurer" for purposes of the subdivision to include not just workers' compensation insurance carriers but also to include "an employer who during any period of the employee's exposure was self-insured or *legally* uninsured." (Italics added.)

Every employer, except the State of California, must secure the payment of workers' compensation benefits by either being insured by a carrier duly authorized to write workers' compensation insurance in this state (Lab. Code, § 3700, subd. (a)) or by "securing from the Director of Industrial Relations a certificate of consent to self-insure, which may be given upon furnishing proof satisfactory to the Director of Industrial Relations of ability to self-insure and to pay any compensation that may become due to his employees" (Lab. Code, § 3700, subd. (b)). Thus an employer who is "insured" has a proper workers' compensation insurance policy and an employer who is "self-insured" has a certificate of consent to self-insure. The State of California is "legally uninsured" as Labor Code section 3700 exempts the state from the requirement of either obtaining workers' compensation insurance or being "self-insured." Prior to being amended by Statutes 1978, chapter 1379, section 2, page 4571, Labor Code section 3700 also permitted "political subdivisions or institutions" of the state to be "legally uninsured." However, under such amendment Labor Code section 3700, subdivision (c) now requires "all political subdivisions of the state, including each member of a pooling arrangement under a joint exercise of powers agreement (but not the state itself)" to also secure a certificate of consent to self-insure. (Stats. 1978, ch. 1379, § 2, p. 4571; see 1 Herlick, Cal. Workers' Compensation Law Handbook (2d ed. 1978) §§ 3.8-3.9, at pp. 66-67, (1979 pocket supp.) § 3.9, p. 9; 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d. rev. ed. 1980) § 20.01 [1] [d], pp. 20-5 to 20-10.)

Laboratory was neither "self-insured" nor "legally uninsured" during the period in question. Rather, it has been deemed merely "uninsured" as it has been unable to discover its carriers. Thus, by its terms subdivision (d) does not permit contribution from Laboratory. (See *Eldorado Insurance* v. *WCAB* (*Rhine*) (1980) 45 Cal.Comp.Cases 356.) This limitation is consistent with the legislative history of section 5500.5.

The 1973 amendments were designed to remedy a "procedural morass" under the existing California rule. "For example, the serious difficulties encountered by the parties in complying with the requirements of former section 5500.5 whereby employees and their attorneys were frequently compelled to expend much time, effort and money in tracing the applicant's employment history over the entire course of his adult life. Fading memory, bankrupt or dissolved firms, and record destruction would often make this job difficult if not impossible. Untoward delay would result in attempting to secure such records. Likewise, even where some records were available from the Social Security Administration, such records would often be incomplete, and substantial delay would invariably result while awaiting federal administrative response to requests for additional information." (*Harrison* v. *Workmen's Comp. Appeals Bd., supra*, 44 Cal.App.3d at p. 200.) The 1973 amendments eliminated the problem of tracing employment and insurance coverage in the remote past. (*Harrison, supra*, 44 Cal.App.3d at p. 201.)

Under the 1973 amendments the one employer rule of subdivision (d) recognized that where the employee had worked for many years for the same employer, employment history was no problem. It is clear, however, that the Legislature recognized the problem of tracing insurance coverage back to remote periods of time even for one employer. Records of insurance coverage are lost and, as evidenced by this case, carriers even have a procedure of destroying records after three to five years. Accordingly, the Legislature has limited the one employer rule of subdivision (d).

This is not to say that an employee who has worked several years for a single uninsured employer has no remedy. Such an uninsured employer would still be liable under section 5500.5, subdivision (a). (See *Tidewater Oil Co., supra*, 67 Cal.App.3d at p. 953.) Thus, had Laboratory been uninsured during the five-year period specified in subdivision (a), it would have been liable under that subdivision. However, here,

Laboratory's uninsured period occurred prior to the five-year period of subdivision (a).[6]

The Board's decision awarding State Fund contribution directly against Laboratory is annulled and the matter remanded to the Board to order apportionment among the known insurers.

Kaus, P. J., and Stephens, J., concurred.

The petition of respondent State Compensation Insurance Fund for a hearing by the Supreme Court was denied September 24, 1980.

---

[6]The 1977 amendments to section 5500.5, subdivision (a) (*ante*, fn. 3) handle the problem where during the liability period all of the employers are uninsured by imposing liability "upon the last year of employment exposing the employee to the hazards of such occupational disease or cumulative injury for which an employer is insured for workers' compensation coverage or an approved alternative thereof." Any employer so held liable for workers' compensation benefits as a result of another employer's failure to secure the payment of compensation is "entitled to reimbursement from the employers who were unlawfully uninsured during the last year of the employee's employment and shall be subrogated to the rights granted to the employee against the unlawfully uninsured employers under the provisions of Article 1 (commencing with Section 3700) of Chapter 4 of Part 1 of Division 4 of the Labor Code."