[Civ. No. 52563. First Dist., Div. One. Aug. 4, 1982.]

DOMINIC J. RIELLI, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, GUY F.
ATKINSON COMPANY et al., Respondents.

COUNSEL

Kathryn E. Ringgold and Airola, Ringgold & Williams for Petitioner.

John W. Moore, Hanna, Brophy, Maclean, McAleer & Jensen, Robert A. La Porta, Richard A. Krimen, Michael J. Brodie, Arthur Hershenson and Fernando Da Silva for Respondents.

OPINION

**BANCROFT, J.**\*—We granted the petition for writ of review in this case in order to examine the resolution by the Workers' Compensation Appeals Board (board) of an unusual factual situation arising under *Wilkinson v. Workers' Comp. Appeals Bd.* (1977) 19 Cal.3d 491 [138 Cal.Rptr. 696, 564 P.2d 848]. We conclude that the evidentiary record is insufficient, both as support for the board's decision and alternatively

---

\*Assigned by the Chairperson of the Judicial Council.

as a basis upon which we might direct the appropriate resolution of the case. Accordingly, we annul the board's decision and remand the case.

We first briefly state the applicable law, in order to illuminate our recitation of the facts. ▪ As a general rule, an employee who at the time he suffers an occupational injury is suffering from a "previous permanent disability" (Lab. Code, § 4750) or a "disease existing prior to" (Lab. Code, § 4663) that injury may only recover compensation for that portion of his resulting disability that is attributable solely to the injury in question.[1] In *Wilkinson v. Workers' Comp. Appeals Bd., supra,* 19 Cal.3d 491, the Supreme Court created what may be viewed as a qualification upon that general rule. Faced with an employee who suffered two *successive* injuries to his knees before he sought medical treatment, the court held that apportionment under Labor Code section 4750 is inappropriate where there are successive injuries to the *same part of the body,* which injuries become *permanent and stationary at the same time. (Id.,* at pp. 496-497.) The court reasoned that in such a case, because of the latter factor, neither injury is "previous" to the other; and because of the former, there would be insufficient evidence to support any determination of that portion of the combined disability which should be assigned to each of the injuries. Thus, a single award based on the combined disability is necessary. (*Ibid.*)

Subsequent cases have held that even where the first injury is treated and found to be permanent and stationary before the second injury occurs, if the evidence reveals that in fact both injuries became permanent and stationary at the same time, the award should be governed by the *Wilkinson* doctrine. (*Harold v. Workers' Comp. Appeals Bd.* (1980) 100 Cal.App.3d 772, 784-786 [161 Cal.Rptr. 772]; *Nuelle v. Workers' Comp. Appeals Bd.* (1979) 92 Cal.App.3d 239, 243-245 [154 Cal.Rptr. 707].)

[1]Section 4663 reads as follows: "In case of aggravation of any disease existing prior to a compensable injury, compensation shall be allowed only for the proportion of the disability due to the aggravation of such prior disease which is reasonably attributable to the injury."

Section 4750 reads as follows: "An employee who is suffering from a previous permanent disability or physical impairment and sustains permanent injury thereafter shall not receive from the employer compensation for the later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with or in relation to the previous disability or impairment. [¶] The employer shall not be liable for compensation to such an employee for the combined disability, but only for that portion due to the later injury as though no prior disability or impairment had existed."

We turn, then, to the instant facts. In 1972, petitioner, a plumber and steamfitter, was carrying a butane bottle when its weight shifted. Petitioner felt sharp pains in his neck and middle or lower back.[2] It was never disputed by respondents below; and, on this record, it could not be disputed, that consistently in the two or three years after the injury, petitioner described to physicians symptoms in both locations. Shortly after the injury, petitioner filed a claim for compensation. This claim was not reduced to a final award until the time of the instant award, discussed *infra*.

It appears from the record that the physicians petitioner consulted in 1972 and 1973 focused their attentions on petitioner's neck injury, probably because the back pains were more or less tolerable and the neck pains were not. From 1972 forward, petitioner worked for 12 or 15 or more employers. Eventually, in 1973, petitioner underwent surgery for fusion of discs in his neck. In 1975, one Dr. Wagner rendered the opinion that, as to petitioner's "neck and upper extremity symptomatology," and based on "the fact that the fusion is known to be solid[,] ... this case is now permanent and stationary ...." A 1977 report by Dr. Wagner confirms that in his 1975 report, he was addressing only the subject of petitioner's "upper spine."

Petitioner's back symptoms intensified gradually and, in 1978, he filed the instant claim alleging a cumulative back injury over time.[3] Respondents have never disputed the fact of this cumulative injury.

The workers' compensation judge (judge), in ruling on both cases, determined that the 1972 injury caused a 19 percent disability and the cumulative injury caused an additional 19 percent disability. The judge

---

[2]The term mid-back and lower back appear almost interchangeably in the medical reports. Of course, in this respect, the reports only describe petitioner's statement of his symptoms; and from petitioner's own testimony, it is clear that he tended to use the terms interchangeably to describe the same spot, about four inches above his belt line. For convenience, we treat the area as petitioner's "back."

[3]The actual allegation as to time was "1-1-74 to 1-1-78," and this produced some confusion below. It appears that petitioner made it sufficiently clear that this limitation represented only his ill-conceived effort to acknowledge section 5500.5 of the Labor Code, which as relevant here imposed a four-year limitation as to those *employers* who are *liable* for compensation, but no limitation as to the beginning date of the injury for which the *employee* can *recover*. (See *Flescher* v. *Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 322, 325-328 [152 Cal.Rptr. 459, 590 P.2d 35].) Petitioner contended consistently that the period of the cumulative injury extended back in time from "1-1-78" to 1972 or earlier.

concluded that the *Wilkinson* doctrine should not apply because petitioner suffered "a neck injury in 1972," and later, "a low back injury." However, for reasons purely of perceived equity and fairness, the judge made a *Wilkinson*, i.e., combined-disability, award.[4]

Respondents petitioned for rehearing and the board granted their petition. The only evidence it took was the testimony of the disability rating specialist who made the calculations in this case. He testified that for rating purposes, the neck and back are considered to be the same part of the body. The board essentially confirmed the judge's fact findings, holding that petitioner was permanent and stationary in 1975 as to the 1972 "upper back and neck" injury. The board found it unnecessary to decide whether the injuries involved the same part of the body, concluding that in any event the injuries were not permanent and stationary at the same time.

In addition, the board determined that 50 percent of the back disability was nonoccupational.[5] Accordingly, it left intact the judge's finding of a 19 percent disability as to the 1972 injury and found as to the cumulative injury that petitioner was entitled to an award, apportioned under section 4750, based upon 8-3/4 percent disability.

■ The question on review is whether we can say, upon the whole record, that the board's conclusions are supported by substantial evidence. (*LeVesque* v. *Workmen's Comp. Appeals Bd.* (1970) 1 Cal.3d 627, 635-637 [83 Cal.Rptr. 208, 463 P.2d 432]; 2 Witkin, Summary of Cal. Law (8th ed. 1973) Workmen's Compensation, § 279, pp. 1078-1079; cf. *People* v. *Johnson* (1980) 26 Cal.3d 557, 578 [162 Cal.Rptr. 431, 606 P.2d 738] [defining "substantial evidence" as "evidence which is reasonable, credible, and of solid value"; see also *Brewer* v. *Simpson* (1960) 53 Cal.2d 567, 583 (2 Cal.Rptr. 609, 349 P.2d 289); *Fair Employment Practice Com.* v. *State Personnel Bd.* (1981) 117 Cal.App.3d

---

[4]For complicated reasons, we need not state in detail, it happens that the award for a single 38 percent disability is significantly greater than the sum of two awards, each for a 19 percent disability.

[5]Before this court, petitioner contests that finding also. Because of our resolution of the *Wilkinson* issues, we need not address the other. For the benefit of the parties and the board on remand, however, we express our satisfaction that the attribution of 50 percent of the back disability to nonoccupational causes was supported by substantial evidence and was not based, as petitioner contends, on a physician's misconception of the law or the facts. (Cf. *Zemke* v. *Workmen's Comp. Appeals Bd.* (1968) 68 Cal.2d 794, 798 [69 Cal.Rptr. 88, 441 P.2d 928].)

322, 332-333 (172 Cal.Rptr. 739)].) We are entirely satisfied that this record lacks substantial evidence to support the board's conclusions on the *Wilkinson* issues.

The board plainly misconceived either the nature of petitioner's claim, or the evidence as it related to that claim, or both. Dr. Wagner's 1975 report that petitioner was then "permanent and stationary," addressed only petitioner's neck injury; in addition, under the doctrine of *Nuelle* v. *Workers' Comp. Appeals Bd., supra*, 92 Cal.App.3d 239, and *Harold* v. *Workers' Comp. Appeals Bd., supra*, 100 Cal.App.3d 772, even if the report had taken account of the 1972 back symptoms, it would not have been persuasive on the issue of "permanent and stationary at the same time" because it did not purport to address the cumulative injury. Regarding the real issues before the board, the 1975 Wagner report was irrelevant.

In truth, no physician ever addressed the question of whether these two injuries became permanent and stationary at the same time. For understandable reasons, the medical community originally viewed the 1972 injury as a "neck injury," a view which was apparently adopted by the judge and the board. That led naturally to the unsupported conclusion that the 1972 injury was permanent and stationary in *1975*, which in turn seemingly operated conclusively to defeat petitioner's claim under *Wilkinson*, which was based upon a cumulative injury still occurring in *1977*. But there is no evidence in this record to support the view that the 1972 injury—involving, as it does, *both* neck and back systems—became permanent and stationary at some time other than when the cumulative injury became permanent and stationary.[6]

Perhaps by focusing upon the evanescent difference in "permanent and stationary" dates, the board sought to escape the difficult question of whether the two injuries at hand involved the same part of the body.

We conclude, however, that this is the determinative issue in the case. Since we lack the expertise to decide the question independently and the present record is insufficient to supply us with the information necessary for such a decision, we accordingly direct the board and its rating bureau to determine on remand whether petitioner's injuries involved the same part of the body.

---

[6]Alternatively, we might say that there is no substantial evidence to support the view that the 1972 injury was solely a "neck injury" or an "upper back and neck" injury.

The decision of the board is annulled and the case is remanded for further proceedings in accordance with the views expressed herein.

Racanelli, P. J., and Elkington, J., concurred.