Opinion
 

 SCOTLAND, J.
 

 The State Compensation Insurance Fund (SCIF), as workers’ compensation insurer for the County of Siskiyou, settled a claim involving cumulative injuries suffered by an employee while working for
 
 *1468
 
 more than one employer, including the County of Siskiyou and the Rex Club. SCIF then filed a petition for contribution (Lab. Code, § 5500.5, subd. (e)) against the Rex Club, seeking reimbursement for a portion of the workers’ compensation benefits SCIF paid to the injured worker. (Further section references are to the Labor Code unless otherwise specified.)
 

 The Workers’ Compensation Appeals Board (WCAB) rejected the Rex Club’s position that the petition for contribution should be dismissed as untimely.
 

 By petition for writ of review, the Rex Club and its insurer, Aetna Casualty and Surety Company (hereafter collectively referred to as Rex Club), seek to annul the WCAB’s order finding that SCIF’s petition for contribution is not time-barred.
 

 Noting section 5500.5, subdivision (e) requires an employer to file a petition for contribution within one year of “an award” of compensation benefits, Rex Club contends the WCAB incorrectly interpreted the one-year statute of limitations as applying only to
 
 the final award of all
 
 benefits owing to a workers’ compensation applicant. According to Rex Club, SCIF’s petition for contribution filed on November 30, 1994, is untimely as to the original award of benefits issued on November 16, 1987. Rex Club concedes SCIF may seek contribution toward permanent disability benefits as this is a distinct class of benefits that was not awarded until the order of March 30, 1994, approving SCIF’s compromise and release agreement with the applicant, Sandra Oakley-Clybum.
 

 Our review discloses Rex Club is correct. As we shall explain, the one-year statute of limitations provided by section 5500.5, subdivision (e) applies to any award of compensation benefits, not just the final award that disposes of all questions concerning the applicant’s entitlement to benefits. Since the original findings of fact and award issued in November 1987 constitute “an award” of compensation benefits within the meaning of section 5500.5, subdivision (e), the WCAB’s petition for contribution filed in November 1994 is untimely as to that award.
 

 Accordingly, we shall annul the WCAB’s decision in part and remand the matter for further proceedings.
 

 Factual and Procedural Background
 

 Sandra Oakley-Clybum (applicant) filed a workers’ compensation claim against her employer, the County of Siskiyou, for cumulative trauma injury
 
 *1469
 
 suffered during a one-year period ending on October 10, 1986. (§ 5500.5, subd. (a).) Thereafter, Rex Club and Fairlane Meat Market—two other employers for whom the applicant had worked during that period—were joined as defendants. (§ 5500.5, subd. (b).) Pursuant to section 5500.5, subdivision (c), applicant elected to proceed against the County of Siskiyou, insured by SCIF.
 

 Following a hearing, the workers’ compensation judge (the WCJ) issued his findings of fact and award on November 17, 1987, finding that applicant had sustained a cumulative injury to her back, neck and left shoulder while employed by the County of Siskiyou, Rex Club, and Fairlane Meat Market.
 

 Applicant was awarded temporary disability in the amount of $224 weekly for the period of October 29, 1986, to June 15, 1987, and continuing indefinitely. Applicant also was awarded expenses for further medical care of her injury and reimbursement for self-procured medical expenses and medical-travel expenses. Defendants’ request for apportionment of temporary disability and medical treatment was denied.
 
 [1]
 

 The WCJ noted there may be apportionment as to permanent disability, “if there is any,” and deferred the issues of permanent disability and apportionment thereof. The WCJ found the defendants jointly and severally liable, as required by section 5500.5, subdivision (c). Because applicant had elected to proceed against it, SCIF was designated as the defendant primarily liable and responsible to furnish the benefits awarded. The WCJ observed that SCIF was entitled to seek contribution from the other defendants in proportion to the periods of employment.
 

 On March 22, 1989, SCIF filed a petition to terminate liability for temporary disability indemnity. On October 23, 1989, the WCJ issued his findings of fact and award in favor of applicant and against SCIF, stating that applicant remained temporarily and totally disabled for the period of April 2, 1989, through August 4, 1989.
 

 On March 30, 1994, a “Compromise and Release” was approved settling the case between applicant and SCIF. They agreed to settle all issues, including the nature and extent of disability, reimbursement for self-procured medical treatment, the need for further medical care, and any new and further disability. The parties acknowledged the following payments already
 
 *1470
 
 had been made by the employer or insurance carrier: $70,989.90 in temporary disability, $8,214.63 in permanent disability advances, and $316,220.41 in medical and hospital expenses. SCIF agreed to pay applicant $200,000 “in addition to any sums heretofore paid by the employer or the insurer to the employee,” minus a temporary disability overpayment of $3,680 and permanent disability advances of $8,214.63—leaving a balance of $188,105.37, less approved attorney fees of $24,000, payable to applicant. Of the settlement, $50,000 was allocated for future medical expenses. SCIF asserted that it “reserve[d] its right to seek contribution from other defendants in the cumulative trauma period.”
 

 On November 30, 1994, SCIF filed a petition for contribution seeking reimbursement of a portion of the benefits SCIF had paid to the applicant. SCIF sought $121,770.99 from Rex Club, in accordance with the agreed medical examiner’s apportionment of liability. Rex Club opposed the petition for contribution, claiming it was untimely since it was filed more than one year after the original award of compensation benefits.
 

 The WCJ agreed with Rex Club and issued an order finding SCIF’s petition for contribution was barred by the one-year statute of limitations in section 5500.5, subdivision (e).
 

 The WCAB granted SCIF’s petition for reconsideration. The WCAB stated the original award was not a final award of all the benefits owing to applicant, noting that the issue of her entitlement to permanent disability was deferred. The WCAB held that, “where the issue of permanent disability indemnity has specifically been deferred, and the parties potentially liable for contribution are on notice of their liability, the time to file a petition for contribution runs from the date the award of permanent disability benefits is issued.”
 

 Accordingly, the WCAB found that SCIF’s petition for contribution was timely as it was filed within one year of the order approving the compromise and release, and ordered that “the matter shall be returned to the trial level for further proceedings and decision.”
 

 Discussion
 

 Claiming that the WCAB erred in interpreting and applying section 5500.5, Rex Club contends SCIF’s petition for contribution was untimely to the extent it sought reimbursement for benefits SCIF was ordered to pay pursuant to the WCJ’s findings of fact and award issued in November 1987.
 

 Although the WCAB’s findings on questions of fact are conclusive (§5953), the construction of a statute and its applicability to a given
 
 *1471
 
 situation are matters of law that are reviewable by the courts. An erroneous interpretation or application of law by the WCAB is a ground for annulment of the WCAB’s decision.
 
 (Muznik
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1975) 51 Cal.App.3d 622, 632 [124 Cal.Rptr. 407]; accord,
 
 Flesher
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1979) 23 Cal.3d 322, 328 [152 Cal.Rptr. 459, 590 P.2d 35].)
 

 Section 5500.5 sets forth an elaborate procedure to be followed in a cumulative injury case. It provides that (1) the application shall name all employers and, if it does not, any interested party may request that others be joined as defendants; (2) the employee may elect to proceed against any one or more of the employers; (3) the employee must prove his or her claim against any one of the employers named; and (4) any award against two or more employers who may be held liable shall be joint and several. (§ 5500.5, subds. (b), (c).)
 
 [2]
 

 Section 5500.5, subdivision (e) states:
 
 “At any time within one year after the appeals board has made an award for compensation benefits in connection with an occupational disease or cumulative injury, any employer held liable under the award may institute proceedings before the appeals board for the purpose of determining an apportionment of liability or right of contribution.
 
 The proceeding shall not diminish, restrict, or alter in any way the recovery
 
 *1472
 
 previously allowed the employee or his or her dependents, but shall be limited to a determination of the respective contribution rights, interest or liabilities of all the employers joined in the proceeding, either initially or supplementally; provided, however, if the appeals board finds on supplemental proceedings for the purpose of determining an apportionment of liability or of a right of contribution that an employer previously held liable in fact has no liability, it may dismiss the employer and amend its original award in such manner as may be required.” (Italics added.)
 

 In other words, an employee may choose to obtain an award for his or her entire cumulative injury disability from one or more successive employers, or their insurance carriers, and the employers have the burden of adjusting the share that each should bear in an independent proceeding between themselves.
 
 (Flesher
 
 v.
 
 Workers’ Comp. Appeals Bd., supra,
 
 23 Cal.3d at p. 327;
 
 Kelm
 
 v.
 
 Koret
 
 (1980) 46 Cal.Comp.Cases 113, 115-116.)
 

 The purpose of this procedure is to mitigate the delay, expense and hardship incurred by a disabled employee where multiple employers or insurance carriers are involved.
 
 (Colonial Ins. Co.
 
 v.
 
 Industrial Acc. Com.
 
 (1946) 29 Cal.2d 79, 82 [172 P.2d 884];
 
 Kelm
 
 v.
 
 Koret, supra,
 
 46 Cal.Comp.Cases at pp. 115-116.)
 

 To effectuate this purpose, only the elected defendant has complete discovery rights; the rights of the nonelected defendants are deferred to the contribution proceeding.
 
 (Kelm
 
 v.
 
 Koret, supra,
 
 46 Cal.Comp.Cases at p. 116.) Since the nonelected defendants’ rights are not fully represented in the original proceeding, the WCJ’s finding of joint and several liability pursuant to subdivision (c) of section 5500.5 is not res judicata, and the question of liability may be relitigated in the contribution proceedings. (§ 5500.5, subd. (e);
 
 Greenwald
 
 v.
 
 Carey Distributing Company
 
 (1981) 46 Cal.Comp.Cases 703, 708-709.)
 

 The one-year time limitation for the filing of a petition for contribution (§ 5500.5, subd. (e)) is measured from the date of the WCJ’s award, which is considered to be the WCAB’s award. (Cal. Code Regs., tit. 8, § 10348.) The filing of a petition for reconsideration does not toll or extend the one-year time limitation.
 
 (Republic Indemnity Co.
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1981) 115 Cal.App.3d 361, 368 [171 Cal.Rptr. 265];
 
 Employers Mutual Liability Insurance Company of Wisconsin
 
 v.
 
 Workers’ Comp. Appeals Bd. (Shrimpf)
 
 (1983) 48 Cal.Comp.Cases 636, 637.)
 

 However, where a supplemental award is issued awarding a new and distinct class of benefits, a petition for contribution filed within one year of
 
 *1473
 
 the supplemental award is timely as to that award, even though more than one year has passed since the issuance of the original award.
 
 (M.B. Neves Trucking
 
 v.
 
 Workers’ Comp. Appeals Bd. (Homan)
 
 (1994) 59 Cal.Comp.Cases 770;
 
 Employers Insurance of Wausau,
 
 v.
 
 Workers’ Comp. Appeals Bd. (Duncan)
 
 (1984) 49 Cal.Comp.Cases 333.)
 

 Here, the petition for contribution was filed in November 1994 within one year of the order approving the compromise and release, which is the equivalent of an award of compensation.
 
 (Greenwald
 
 v.
 
 Carey Distributing Company, supra,
 
 46 Cal.Comp.Cases at p. 713.) Thus, the petition is timely as to that order to the extent the order awarded a distinct class of benefits, such as permanent disability and vocational rehabilitation benefits, which were not awarded in the original findings of fact and award.
 
 (M.B. Neves Trucking v. Workers’ Comp. Appeals Bd. (Homan), supra,
 
 59 Cal.Comp.Cases 770;
 
 Employers Insurance of Wausau
 
 v.
 
 Workers’ Comp. Appeals Bd. (Duncan), supra,
 
 49 Cal.Comp.Cases 333;
 
 Mission Insurance Co.
 
 v.
 
 Workers’ Comp. Appeals Board
 
 (1978) 43 Cal.Comp.Cases 1143.)
 

 For the reasons that follow, the petition for contribution is not timely as to the benefits awarded in the original findings of fact and award issued seven years earlier in November 1987.
 
 (Mission Insurance Co.
 
 v.
 
 Workers’ Comp. Appeals Board, supra,
 
 43 Cal.Comp.Cases 1143.)
 

 It appears the WCAB determined that SCIF’s petition for contribution did not have to be filed within one year of the original award because this award was not the “final award of all benefits owing to applicant” and because Rex Club had notice of its potential liability. In the WCAB’s view, “where the issue of permanent disability indemnity has specifically been deferred, and the parties potentially liable for contribution are on notice of their liability, the time to file a petition for contribution runs from the date the award of permanent disability benefits is issued.”
 

 The WCAB also stated, however, that “SCIF is entitled to a determination of its right to contribution
 
 for the benefits awarded by the order approving compromise and release.”
 
 (Italics added.) Therefore, it is not clear whether the WCAB determined that SCIF could seek contribution only toward the $200,000 awarded by the order approving compromise and release or whether SCIF could seek contribution towards the entire amount of benefits it paid to applicant.
 

 If the WCAB has construed section 5500.5, subdivision (e) to provide that the one-year time limitation for pursuing a petition for contribution does not begin to run until the issuance of the final award resolving applicant’s entitlement to all potential benefits (in this case the order approving the
 
 *1474
 
 compromise and release), and therefore SCIF could seek contribution toward all of the benefits it paid, the WCAB’s decision is incorrect.
 

 In construing a statute, “[t]he Legislature is presumed to have meant what it said and the plain meaning of the language governs. . . . When the words are clear, there is no room for interpretation. ...”
 
 (Western Growers Ins. Co.
 
 v.
 
 Workers’ Comp. Appeals Bd.
 
 (1993) 16 Cal.App.4th 227, 240 [20 Cal.Rptr.2d 26], citations omitted.)
 

 The plain language of section 5500.5, subdivision (e) provides that an employer may pursue a petition for contribution at any time within one year after the appeals board has made “an award” for compensation benefits, not the final award of compensation benefits or any similar language implying the award must be one that finally disposes of all questions concerning the applicant’s entitlement to compensation benefits.
 

 Thus, the original findings of fact and award of November 1987 constitute “an award” of compensation benefits within the meaning of section 5500.5, subdivision (e).
 

 Furthermore, section 5500.5, subdivision (e) does not provide an exception to the one-year limitation where the employers from whom contribution is sought had notice of their liability. (See
 
 City of Anaheim
 
 v.
 
 Workers’ Comp. Appeals Board
 
 (Stoffel) (1981) 46 Cal.Comp.Cases 1157 [writ of review denied despite petitioner’s argument that the time limitation in section 5500.5, subdivision (e) should not apply because the respondent had participated in the proceedings and had not shown it was prejudiced by petitioner’s delay in seeking contribution].)
 

 If the WCAB determined that SCIF could seek contribution only as to the $200,000 awarded pursuant to the 1994 order approving compromise and release, the WCAB is correct to the extent the order awarded new and distinct benefits, but it is incorrect to the extent the WCAB would permit SCIF to seek reimbursement for any portion of the $200,000 attributable to benefits awarded in the 1987 findings of fact and award.
 
 (M.B. Neves Trucking
 
 v.
 
 Workers’ Comp. Appeals Bd. (Homan), supra,
 
 59 Cal.Comp.Cases 770;
 
 Employers Insurance of Wausau
 
 v.
 
 Workers’ Comp. Appeals Bd. (Duncan), supra,
 
 49 Cal.Comp.Cases 333.)
 

 For example, pursuant to the 1987 award, SCIF was liable for continuing temporary disability payments in the amount of $224 per week and could have filed a petition for contribution to determine the portion of temporary disability payments for which Rex Club was liable. It did not do so within
 
 *1475
 
 one year of the award, and it is too late to do so now. (Cf.
 
 Insurance Company of North America
 
 v.
 
 Workers’ Comp. Appeals Bd. (Goose)
 
 (1983) 48 Cal.Comp.Cases 35 [defendant’s petition for contribution filed within one year of order approving compromise and release but more than one year from original award was timely because defendant was not required to pay any cumulative injury benefits under the original award].)
 

 Because the award in the order approving compromise and release is for $200,000 “in addition to any
 
 sums
 
 heretofore paid by the employer or the insurer to the employee” (italics added), rather than in addition to any “benefits” already “awarded” to applicant, we cannot discern which portion of the award is attributable to new and distinct benefits, such as permanent disability and vocational rehabilitation, and which portion, if any, is attributable to benefits previously awarded in the 1987 findings of fact and award. Upon remand, this will have to be determined at the hearing addressing SCIF’s petition for contribution.
 

 Disposition
 

 The WCAB’s decision is annulled to the extent it permits SCIF to seek contribution from Rex Club towards benefits the WCJ ordered SCIF to pay applicant in the findings of fact and award issued in November 1987. The matter is remanded for further proceedings to determine what portion of the order approving compromise and release is attributable to new and distinct compensation benefits and to permit SCIF to seek contribution from Rex Club toward these new and distinct benefits.
 

 Blease, Acting P. J., and Davis, J., concurred.
 

 [1]
 

 “Apportionment, in workers’ compensation terminology, means the separating out of the part or parts of a disability or condition that are the result of an industrial injury from the part or parts of the disability or condition that are the result of other industrial or nonindustrial injuries, conditions, or diseases.” (Cal. Workers’ Compensation Claims and Benefits (9th ed. 1995) § 31.13, p. 615.)
 

 [2]
 

 Section 5500.5, subdivision (b) states in pertinent part: “Where a claim for compensation benefits is made on account of an occupational disease or a cumulative injury which may have arisen out of more than one employment, the application shall state the names and addresses of all employers liable under subdivision (a), the places of employment, and the approximate periods of employment where the employee was exposed to the hazards of the occupational disease or cumulative injury. If the application is not so prepared or omits necessary and proper employers, any interested party, at or prior to the first hearing, may request the appeals board to join as defendant any necessary or proper party.”
 

 Section 5500.5, subdivision (c) states: “In any case involving a claim of occupational disease or cumulative injury occurring as a result of more than one employment within the appropriate time period set forth in subdivision (a), the employee making the claim, or his or her dependents, may elect to proceed against any one or more of the employers. Where such an election is made, the employee must successfully prove his or her claim against any one of the employers named, and any award which the appeals board shall issue awarding compensation benefits shall be a joint and several award as against any two or more employers who may be held liable for compensation benefits. If, during the pendency of any claim wherein the employee or his or her dependents has made an election to proceed against one or more employers, it should appear that there is another proper party not yet joined, the additional party shall be joined as a defendant by the appeals board on the motion of any party in interest, but the liability of the employer shall not be determined until supplemental proceedings are instituted. Any employer joined as a defendant subsequent to the first hearing or subsequent to the election provided herein shall not be entitled to participate in any of the proceedings prior to the appeal board’s final decision, nor to any continuance or further proceedings, but may. be permitted to ascertain from the employee or his or her dependents such information as will enable the employer to determine the time, place, and duration of the alleged employment. On supplemental proceedings, however, the right of the employer to full and complete examination or cross-examination shall not be restricted.”