[No. B175741. Second Dist., Div. Two. Feb. 2, 2005.]

GRAPHIC ARTS MUTUAL INSURANCE COMPANY, Plaintiff and Appellant, v.
TIME TRAVEL INTERNATIONAL, INC., Defendant and Respondent.

**COUNSEL**

Law Offices of Marina Macchiagodena, Marina Macchiagodena; Ford, Walker, Haggerty & Behar and Maxine J. Lebowitz for Plaintiff and Appellant.

Law Offices of Douglas R. Holmes and Douglas R. Holmes for Defendant and Respondent.

**OPINION**

**DOI TODD, J.—** ██  The parties agree that the issue presented here is one of first impression: May an insurance carrier held liable for workers' compensation benefits under Labor Code section 5500.5[1] pursue an action in civil

---

[1] All further statutory references shall be to the Labor Code, unless otherwise designated.

court seeking reimbursement from an unlawfully uninsured employer or does the Workers' Compensation Appeals Board (WCAB) have exclusive jurisdiction? Because we find that plaintiff and appellant Graphic Arts Mutual Insurance Company may proceed in superior court, we reverse the judgment of dismissal following the sustaining of a demurrer without leave to amend.

## FACTUAL AND PROCEDURAL BACKGROUND

On appeal from a judgment of dismissal following a demurrer sustained without leave to amend, we assume the truth of all well-pleaded facts, as well as those that are judicially noticeable. (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 814 [107 Cal.Rptr.2d 369, 23 P.3d 601]; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].)

From September 15, 1993 through September 15, 1994, appellant insured defendant and respondent Time Travel International, Inc., for workers' compensation benefits. Thereafter, respondent was "illegally uninsured" for such benefits. In the fall of 2000, Joe Garcia, who was formerly employed by respondent as a travel agent, filed an amended application for workers' compensation benefits, alleging a cumulative trauma injury during his employment by respondent from 1988 through June 24, 1997. During an arbitration before the WCAB, appellant, as the last carrier to insure respondent for workers' compensation benefits, was held liable for the full payment of benefits to Garcia in the amount of approximately $80,000, pursuant to section 5500.5, subdivision (a). The arbitrator's opinion was issued on June 20, 2002, and upheld on August 13, 2002, by the WCAB on a petition for reconsideration. Both the arbitrator's opinion and the arbitrator's report on the petition for reconsideration stated in dicta that appellant would have the right of reimbursement from respondent under section 5500.5, subdivision (a).

In 2003, appellant filed a complaint in superior court seeking indemnity from respondent under section 5500.5, subdivision (a), as well as equitable indemnity. Respondent demurred to the complaint on the ground that the WCAB had exclusive jurisdiction of the matter under subdivision (e) of section 5500.5, and that appellant had failed to file a petition for contribution with the WCAB within the required one-year time frame after the award of benefits was issued. The trial court agreed and sustained the demurrer without leave to amend. This appeal followed.

## DISCUSSION

Appellant contends the trial court has jurisdiction over its complaint for indemnity against respondent pursuant to section 5500.5, subdivision (a). Respondent contends that the WCAB has exclusive jurisdiction under section 5500.5, subdivision (e).

### A. Standard of Review

■ We review the trial court's sustaining of a demurrer without leave to amend de novo, exercising our independent judgment as to whether a cause of action has been stated as a matter of law. (*People ex rel. Lungren v. Superior Court* (1996) 14 Cal.4th 294, 300 [58 Cal.Rptr.2d 855, 926 P.2d 1042]; *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125 [271 Cal.Rptr. 146, 793 P.2d 479].) We apply the abuse of discretion standard when reviewing the trial court's denial of leave to amend. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318; *Hernandez v. City of Pomona* (1996) 49 Cal.App.4th 1492, 1497–1498 [57 Cal.Rptr.2d 406].) Appellant bears the burden of proving the trial court erred in sustaining the demurrer or abused its discretion in denying leave to amend. (*Blank v. Kirwan,* at p. 318; *Coutin v. Lucas* (1990) 220 Cal.App.3d 1016, 1020 [270 Cal.Rptr. 93].)

### B. The Enactment of Section 5500.5

■ Section 5500.5, characterized by our Supreme Court in *Flesher v. Workers' Comp. Appeals Bd.* (1979) 23 Cal.3d 322, 325 [152 Cal.Rptr. 459, 590 P.2d 35] as "long and complex," was enacted in 1951 to codify the principles announced in *Colonial Ins. Co. v. Industrial Acc. Com.* (1946) 29 Cal.2d 79 [172 P.2d 884]. (See *Tidewater Oil Co. v. Workers' Comp. Appeals Bd.* (1977) 67 Cal.App.3d 950, 957 [137 Cal.Rptr. 36].) In *Colonial,* the Supreme Court held that a worker who sustained an industrial injury over a number of years in a number of different jobs is entitled to obtain the entire recovery from one or more of the successive employers or successive insurance carriers. The employer or carrier providing the recovery can then petition for apportionment of the amount paid from among the worker's other employers and other carriers. (*Tidewater Oil Co. v. Workers' Comp. Appeals Bd., supra,* at p. 957; *Colonial, supra,* 29 Cal.2d at p. 82.)

■ In 1973, section 5500.5 was amended to expressly cover cumulative injury as well as occupational disease claims. (*Flesher v. Workers' Comp. Appeals Bd., supra,* 23 Cal.3d at p. 327.) It was also amended to limit the employers against whom compensation could be sought to those who had

employed the worker during the preceding five-year period. (*Ibid.*) In 1977, section 5500.5 was amended to reduce the five-year period to a one-year period. (*Flesher, supra,* at p. 327.) "The purpose of these amendments was to provide greater certainty to insurers in anticipating costs and necessary reserves, to simplify the proceedings by reducing the number of employers and insurers required to be joined as defendants, and to reduce the burden placed on the entire system by the former procedures. [Citations.] The insurance industry favored these amendments and reasoned that the total burdens and benefits upon employers and insurers would more or less even out, for while they might be required to assume a larger liability in some cases, they would also be absolved of liability in other cases." (*Id.* at pp. 327–328.)

At issue here is the third paragraph of section 5500.5, subdivision (a), which was added as part of the 1977 amendments: "Any employer held liable for workers' compensation benefits as a result of another employer's failure to secure the payment of compensation as required by this division shall be entitled to reimbursement from the employers who were unlawfully uninsured during the last year of the employee's employment, and shall be subrogated to the rights granted to the employee against the unlawfully uninsured employers under the provisions of Article 1 (commencing with Section 3700) of Chapter 4 of Part 1 of Division 4."[2]

---

[2] As amended, section 5500.5, subdivision (a) provides in its entirety as follows:

"Except as otherwise provided in Section 5500.6, liability for occupational disease or cumulative injury claims filed or asserted on or after January 1, 1978, shall be limited to those employers who employed the employee during a period of four years immediately preceding either the date of injury, as determined pursuant to Section 5412, or the last date on which the employee was employed in an occupation exposing him or her to the hazards of the occupational disease or cumulative injury, whichever occurs first. Commencing January 1, 1979, and thereafter on the first day of January for each of the next two years, the liability period for occupational disease or cumulative injury shall be decreased by one year so that liability is limited in the following manner:

"For claims filed or asserted on or after: The period shall be:

"January 1, 1979. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .three years

"January 1, 1980. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .two years

"January 1, 1981 and thereafter. . . . . . . . . . . . . . . . . . . . . . . . . . . . .one year

"In the event that none of the employers during the above referenced periods of occupational disease or cumulative injury are insured for workers' compensation coverage or an approved alternative thereof, liability shall be imposed upon the last year of employment exposing the employee to the hazards of the occupational disease or cumulative injury for which an employer is insured for workers' compensation coverage or an approved alternative thereof.

"Any employer held liable for workers' compensation benefits as a result of another employer's failure to secure the payment of compensation as required by this division shall be entitled to reimbursement from the employers who were unlawfully uninsured during the last

Section 5500.5 also currently provides under subdivision (e): "At any time within one year after the appeals board has made an award for compensation benefits in connection with an occupational disease or cumulative injury, any employer held liable under the award may institute proceedings before the appeals board for the purpose of determining an apportionment of liability or right of contribution."

## C. *Appellant Qualifies as an "Employer"*

■ Division 4 of the Labor Code (§§ 3200–6099) is entitled Workers' Compensation and Insurance. Section 3850, subdivision (b), contained in part 1, chapter 5, "Subrogation of Employer," provides that "[a]s used in [chapter 5]: [¶] . . . [¶] '[e]mployer' includes insurer as defined in this division." As earlier set forth, section 5500.5, subdivision (a) allows any "employer" to seek reimbursement from another employer who failed to secure the payment of compensation as required by law. Appellant contends that it qualifies as an employer pursuant to section 3850, subdivision (b). Respondent argues that this definition is limited to chapter 5 and has no application to the provisions permitting reimbursement set forth in section 5500.5, which is contained in chapter 3 of division 4. We agree with appellant that section 5500.5, subdivision (a) must include an insurer seeking reimbursement, as well as an actual employer.

■ At the time the Legislature amended subdivision (a) of section 5500.5 to add the reimbursement language at issue here, case law had already interpreted the statute's reference to "employer" to include insurance carriers. For example, in *State of Calif. v. Industrial Acc. Com.* (1957) 49 Cal.2d 354 [317 P.2d 8], several insurance carriers successfully obtained a reimbursement award against the state's subsequent injuries fund pursuant to preamendment section 5500.5. The state challenged the award, claiming "the language of the statute does not authorize reimbursement to an insurance carrier as distinguished from an employer." (*State of Calif. v. Industrial Acc. Com., supra,* at

---

year of the employee's employment, and shall be subrogated to the rights granted to the employee against the unlawfully uninsured employers under the provisions of Article 1 (commencing with Section 3700) of Chapter 4 of Part 1 of Division 4.

"If, based upon all the evidence presented, the appeals board or workers' compensation judge finds the existence of cumulative injury or occupational disease, liability for the cumulative injury or occupational disease shall not be apportioned to prior or subsequent years; however, in determining the liability, evidence of disability due to specific injury, disability due to nonindustrial causes, or disability previously compensated for by way of a findings and award or order approving compromise and release, or a voluntary payment of disability, may be admissible for purposes of apportionment."

pp. 355–356.) The Supreme Court affirmed the award, noting "various other statutory provisions indicate that no distinction is intended as between the employer and the carrier with respect to reimbursement rights." (*Id.* at p. 356; see also *Harrison v. Workmen's Comp. Appeals Bd.* (1974) 44 Cal.App.3d 197, 199–200 [118 Cal.Rptr. 508].) The Legislature is deemed to have approved of such interpretation of the statute. (*Marina Point, Ltd. v. Wolfson* (1982) 30 Cal.3d 721, 734–735 [180 Cal.Rptr. 496, 640 P.2d 115]; *In re Cindy B.* (1987) 192 Cal.App.3d 771, 777–778 [237 Cal.Rptr. 677].) Indeed, the Legislature itself stated that the "employer or the insurance carrier" may proceed against the uninsured employer. (Finance, Ins., & Commerce Com., Assem. Off. of Research, 3d reading of Assem. Bill No. 155 (1977–1978 Reg. Sess.) as amended May 3, 1977, par. 3.)

■ Moreover, respondent's interpretation of "employer" as excluding insurance carriers undercuts its argument that appellant was required to proceed under section 5500.5, subdivision (e), which provides that "any employer" held liable may institute proceedings before the WCAB. (*Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 979 [90 Cal.Rptr.2d 260, 987 P.2d 727] ["words or phrases given a particular meaning in one part of a statute must be given the same meaning in other parts of the statute"]; *Stillwell v. State Bar* (1946) 29 Cal.2d 119, 123 [173 P.2d 313] ["it is a well-established rule of construction that when a word or phrase has been given a particular scope or meaning in one part or portion of a law it shall be given the same scope and meaning in other parts or portions of the law"]; *Miranda v. National Emergency Services, Inc.* (1995) 35 Cal.App.4th 894, 905 [41 Cal.Rptr.2d 593] [same].) Indeed, respondent concedes that "[a]rguably the terms 'employer' and 'carrier' as used in Labor Code § 5500.5 are interchangeable." Even the WCAB itself contemplated that appellant was entitled to seek reimbursement from respondent under section 5500.5, subdivision (a), as noted in both its arbitration opinion and in the arbitrator's report on the petition for reimbursement.

Because we conclude that appellant qualifies as an "employer" who is entitled to seek reimbursement from respondent under section 5500.5, subdivision (a), the question becomes whether appellant may proceed in an action at law.

### D. *Appellant May Proceed in an Action at Law*

■ Under section 5500.5, subdivision (a), an employer seeking reimbursement "shall be subrogated to the rights granted to the employee against the unlawfully uninsured employers under the provisions of Article 1 (com-

mencing with Section 3700) of Chapter 4 of Part 1 of Division 4." As appellant notes, section 3706, which falls within chapter 4 of part I provides: "If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this division did not apply." ■ It is well established that section 3706 is an exception to the exclusive remedy of the workers' compensation scheme by giving an injured employee the right to pursue a claim for damages against an uninsured employer in superior court. (*Le Parc Community Assn. v. Workers' Comp. Appeals Bd.* (2003) 110 Cal.App.4th 1161, 1172 [2 Cal.Rptr.3d 408]; *Huffman v. City of Poway* (2000) 84 Cal.App.4th 975, 984 [101 Cal.Rptr.2d 325].)

■ Appellant argues that because its rights are subrogated to the rights granted to the employee, it is also entitled to proceed against respondent in superior court. We agree. Subrogation means to substitute one person for another. (11 Witkin, Summary of Cal. Law (9th ed. 1990) Equity, § 169, p. 848; Webster's II, New College Dictionary (2001).) The subrogee steps into the shoes of the subrogor. (*Fremont Comp. Ins. Co. v. Sierra Pine* (2004) 121 Cal.App.4th 389, 398 [17 Cal.Rptr.3d 80].) Thus, where an employer is subrogated to the rights granted to an employee against an unlawfully uninsured employer, and the employee has the right to sue the unlawfully uninsured employer in superior court for damages, the employer should have the same right.

■ Such a result makes sense from a policy perspective. The public policy of this state is to encourage the provision of workers' compensation insurance to employees, not to discourage it. (*Department of Rehabilitation v. Workers' Comp. Appeals Bd.* (2003) 30 Cal.4th 1281, 1289 [135 Cal.Rptr.2d 665, 70 P.3d 1076].) Thus, by enacting the Workers' Compensation Act, the Legislature indisputably intended that an employer be granted immunity from tort liability in exchange for providing prompt and sure compensation to injured employees through workers' compensation insurance. But in the case of the employer that unlawfully fails to obtain such insurance, the Legislature specifically determined that such immunity was not warranted. (§ 3706; *Hernandez v. Chavez Roofing, Inc.* (1991) 235 Cal.App.3d 1092, 1095 [286 Cal.Rptr. 919] [the price that must be paid by each employer for immunity from tort liability is the purchase of workers' compensation insurance]; *Rymer v. Hagler* (1989) 211 Cal.App.3d 1171, 1177 [260 Cal.Rptr. 76].) Employers that meet their statutory obligations to provide workers' compensation insurance are immunized from civil liability, while those that are unlawfully uninsured for workers' compensation should be liable to the injured employee for the full measure of tort damages. By the same token, an

unlawfully uninsured employer should be liable in a civil action to the insurer that was required to pay benefits as the result of the employer's failure to obtain workers' compensation insurance.

E. *Section 5500.5, Subdivision (e) Does Not Apply Here*

Respondent nevertheless argues that appellant's only remedy was to proceed under section 5500.5, subdivision (e), which allows an employer held liable for an award of compensation benefits to institute proceedings before the WCAB "for the purpose of determining an apportionment of liability or right of contribution." It is respondent's position that subdivision (e) gave the WCAB exclusive jurisdiction over the matter.

Appellant argues that section 5500.5, subdivision (e), has no application here because appellant was not seeking apportionment of liability or a right of contribution. As appellant notes, Code of Civil Procedure section 875 provides a right of contribution "[w]here a money judgment has been rendered jointly against two or more defendants in a tort action." "Contribution is the right to recover from a *co-obligor*. When several parties . . . are jointly liable, and one has paid more than his share, he may enforce contribution from the others." (11 Witkin, Summary of Cal. Law, *supra*, Equity, § 168, p. 847.) Here, there was no joint liability. Rather, appellant was found solely liable to pay the compensation benefits. Thus, this was not a situation where cotortfeasors were seeking to determine the appropriate division of a commonly held liability.

Appellant emphasizes that it is seeking "reimbursement" and not contribution. We agree that the Legislature's use of the word "reimbursement" in section 5500.5, subdivision (a), distinguishes it from the word "contribution" used in subdivision (e). If the Legislature did not intend to confer upon an employer the right to seek reimbursement directly from another unlawfully uninsured employer, as opposed to seeking contribution or apportionment of liability, the third paragraph of section 5500.5, subdivision (a) would be rendered meaningless. "An interpretation that renders related provisions nugatory must be avoided [citation]; each sentence must be read not in isolation but in the light of the statutory scheme [citation]; and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed [citation]." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

Accordingly, we conclude that appellant is entitled to proceed in superior court and that respondent's demurrer to the complaint on the ground that the trial court lacked jurisdiction should have been overruled.

## DISPOSITION

The judgment of dismissal is reversed. Appellant shall recover its costs on appeal.

Boren, P. J., and Ashmann-Gerst, J., concurred.

Respondent's petition for review by the Supreme Court was denied May 11, 2005.